IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                     No. 15-CV-00972-JAP-WPL
                                                     No. 14-CR-01371-JAP

DEVIN JASPERSE,

      Defendant.

## ORDER

This matter is before the Court on Defendant Devin Jasperse's Motion to Reinstate and Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  [CV Doc. 13; CR Doc. 56]   On October 28, 2015, Defendant, proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which raised the following claims:  (1) ineffective assistance of counsel; (2) violation of Defendant's right to be free from self-incrimination and unreasonable search and seizure under the Fourth Amendment of the United States Constitution; and (3) violation of Defendant's right to Due Process of law under the Fifth Amendment of the United States Constitution.  [CV Doc. 1; CR Doc. 46]   After various mailings to Defendant were returned as undelivered, the Court ordered Defendant to show cause why his motion should not be dismissed for failure to comply with District of New Mexico Local Rule 83.6, which provides that parties "have a continuing duty to notify the clerk, in writing, of any change in their . . . mailing address."   D.N.M.LR-Civ 83.6. [CV Doc. 10; CR Doc. 53]   Defendant failed to update his mailing address or otherwise respond to the Court's Order to Show Cause and, therefore, his § 2255 motion was dismissed without prejudice and the present case was closed.   [CV Doc 11; CR Doc. 54]

On June 13, 2016, Defendant filed the present Motion to Reinstate and Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, which seeks to reopen the present case, to amend Defendant's § 2255 motion to include a claim that the enhancement of Defendant's sentence under the career offender provision of the United States Sentencing Guidelines is invalid under *United Sates v. Johnson*, 135 S. Ct. 2551 (2015), and requests that Defendant be re-sentenced without the career offender enhancement.   [CV Doc. 13; CR Doc. 56] Because Defendant seeks to reopen a closed civil case, the Court will construe his motion, in relevant part, as a motion for relief from judgment under Fed. R. Civ. P. 60(b).  *See Lijeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988) ("Federal Rules of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment").   The Court will afford Defendant an opportunity to explain why he is entitled to relief under Fed. R. Civ. P. 60(b) and will also afford the Government an opportunity to file a response to Defendant's request for relief from judgment.

IT IS HEREBY ORDERED that Defendant submit a supplemental brief explaining why he is entitled to relief from judgment under Fed. R. Civ. P. 60(b) on or before June 30, 2016, the Government will be permitted to file a response to Defendant's supplemental brief on or before July 18, 2016, and Defendant will be permitted to file a reply on or before August 4, 2016.

*William P. Lynch*
UNITED STATES MAGISTRATE JUDGE